IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-MJ-01048-BNB

UNITED STATES OF AMERICA

    Plaintiff,

    v.

1. MICHAEL KENNETH LEMONT

    Defendant

---

**DEFENDANT'S POSITION WITH RESPECT TO MITIGATION AND SENTENCING**

---

Defendant, Michael K. Lemont, by the undersigned counsel, respectfully asks this Court to consider the following facts and circumstances of mitigation and extenuation before sentencing in this case. Mr. Lemont has agreed to plead guilty to Count 1 of the information, alleging a violation of 18 U.S.C. 1012, making a false statement in a matter within the jurisdiction of the United States Department of Housing and Urban Development (HUD). There is no restitution or forfeitures in this case and the Government recommends a probation sentence.

With his plea of guilty, Mr. Lemont acknowledges his responsibility for this offense. He understands the impact of this violation and is aware of the obstacles and negative consequences he will face as a result of this conviction. He is committed to moving past this case after accepting the Court's sentence responsibly and will continue to live a productive and law-abiding life. He will, however, need to find new employment because he will lose his current job because of this criminal charge and his guilty plea.

1

## I. SENTENCING FACTORS AND CONSIDERATIONS

A. The Section 18 U.S.C. §3553(a)(2) Mandate

The overriding principle and basic mandate of Section 3553(a) requires a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing: (1) Retribution; (2) Deterrence; (3) Incapacitation; and (4) Rehabilitation.

Mr. Lemont does not have any prior criminal record. The record of the charge and conviction in this case will already punish Mr. Lemont sufficiently for the charge he has admitted, based on the consequences that will impact his livelihood and employment. The impact that the arrest and charge has already had on Mr. Lemont, and the embarrassing and negative effects of being arrested in front of his home, interrogated by law enforcement, being suspended and losing his job and income, and looking ahead to difficult job prospects, has already served the purpose of retribution and deterring him from any misconduct in the future.

B. Sentencing Considerations for Extenuation and Mitigation

Mr. Lemont concurs with the offense level computations in the pre-trial agreement. The Government recommends a probationary sentence and agrees that there is no restitution and no forfeitures necessary in this case. Mr. Lemont is 44 years old and moved to Colorado in 2009 because he had lost his job in Chicago, IL, and was offered a position as a Project Manager with the Department of Housing and Urban Development. Before moving to Colorado, Mr. Lemont worked in the private sector for a real estate development company in Chicago. Although was successful within his company, the years prior to his move to Colorado were extremely difficult for him and his wife. His wife Maria had recently lost her job with an investment company and was unable to find other reliable employment. At the time, they were trying to have children, but after three miscarriages, and four emotional years working with medical specialists, they were

ultimately not able to have children and those difficulties over the years placed a strain on their relationship. Mr. Lemont then lost his job after the severity of the economic crises led to severe downsizing in his company. He and his wife were unemployed for a period of time. These circumstances placed a significant amount of anxiety and stress on the couple's marriage.

After a long and difficult job search, Mr. Lemont interviewed and was offered a job in Denver with the Department of Housing and Urban Development. Without other job prospects, he accepted the position and relocated to Denver in November, 2009, even though it separated him from his wife and their home in Chicago. Although it provided a steady job and income, the move created additional financial expenses and increased their emotional and physical stress.

With his first job in the public sector, Mr. Lemont was committed to his work and sought to prove himself with his new position by applying his years of experience as a real estate executive to the responsibilities of his new assignment. He was recognized for his outstanding performance and contributions, regionally and nationally, and received positive recommendations from his supervisors and performance evaluations. He hoped that he might eventually be able to transfer back to Chicago to live with his wife.

After his move to Denver, Mr. Lemont flew back to Chicago every two or three weeks, in an effort to maintain a stable relationship and hold their marriage together through the stress of their circumstances and separation. In the fall of 2010, however, his wife told him that she was unhappy with their marriage, that she wanted a divorce, and that she had already started seeing another man. Although he attempted to talk his wife into marriage counseling, and increased the time he spent traveling back to Chicago, it became clear that their marriage was over. During the early stages of their planning for divorce and selling their property and assets in Chicago, Mr. Lemont was forced to early-withdraw funds from his IRA and 401K savings, in order to pay

3

expenses in Chicago and Denver as he flew back and forth to handle these circumstances. He continued to fly back to Chicago from September 2010 to June 2011, in order to pack and sell their house, and finalize their divorce. The job applications and statements at issue in this case were made during that period of significant stress and depression caused by these events.

During the fall of 2010, when Mr. Lemont's wife told him that she was filing for divorce, his anxiety and depression were significant. He was living in a new city with a new job and a reduced income, separated from his family and friends, drinking excessively, and having a very difficult time coping with those circumstances. Although he has made significant progress since that time and is much more capable of handling those difficult circumstances responsibly, it is important to view the charged offense in the context of what he was experiencing a that time.

The facts in this case show that Mr. Lemont was not given any job based on the applications in question. There was no financial loss to any victim or any restitution to recover. He was ultimately cooperative with law enforcement officials who investigated the false application information. His cooperation shows that he is remorseful for what happened as a result of those applications and the statements that he made about his professional background. Mr. Lemont is very aware of the serious nature of this case and the violation he admitted.

Mr. Lemont is not someone who requires any additional probationary supervision terms. Even without any additional sentence imposed by the Court, the consequences from this plea and conviction are substantial, and will amount to punitive consequences that are more than sufficient to address the damage caused by his offense. This case has impacted him financially because of his loss of income and employment. Given the current economic market and the disposition of this case, Mr. Lemont will likely face considerable obstacles securing another job in his field. He will likely have to move away from Colorado, and will be facing the difficult

4

challenges of seeking new employment with moving expenses and other costs of living, without an income or new employment prospects. During any probation period, he will be limited in the employment opportunities he can pursue. He will lose his salary of approximately $76,000 and will likely be ineligible for unemployment compensation based on his termination after this conviction. He will also lose his healthcare and other benefits from his current job.

## II.   INCARCERATION OR FINES ARE UNECESSARY

There is no restitution or forfeitures implicated in this case. Mr. Lemont never received any financial gain as a result of this offense. Additional financial punishment is not necessary. Mr. Lemont is anxious to bring resolution to these proceedings and committed to successful completion of any required supervision terms in order to put this case behind him. Since his arrest for this offense, he has approached this case seriously, and he requires no incarceration in order to acknowledge how serious this process and this conviction is, and the impact it will have on his future. Whatever limited benefit might be speculatively be gained by any incarceration, fines, or additional probation terms, would be outweighed by the negative impact it would have on his ability to make positive steps towards his new employment and his efforts to accept responsibility in this case and put it behind him.

The Defense respectfully requests that this Court sentence Mr. Lemont without any fine or incarceration, and that any probation requirements be as minimal, and for a short a duration, as possible.

Respectfully submitted this 9th day of May, 2012.

Thomas P. Byrnes, Atty. Reg. #39652

5

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been sent via electronic transmission, mail, or facsimile, to opposing counsel of record, this 9th day of May, 2012:

Martha Paluch
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Fax: (303) 454-0100