## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL KENNETH LeMONT,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Martha A. Paluch,

Assistant United States Attorney for the District of Colorado, and the defendant, Michael

Kenneth LeMont, personally and by counsel Thomas P. Byrnes, Esq., submit the following Plea

Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

1.      The defendant consents to having a United States District Court Magistrate Judge preside over this matter.

2.      The defendant agrees to plead guilty to Count 1 of the Information, charging a violation of 18 U.S.C. § 1012, submitting a false document in a matter within the jurisdiction of the United States Department of Housing and Urban Development (HUD).

3.      The defendant agrees to pay the $25 special monetary assessment applicable to Count 1 at or before the time of sentencing.

4.      There is no restitution due and owing in this case.



PLAINTIFF'S EXHIBIT

1

PENGAD 800-631-6989

5.      Forfeiture is not implicated in this case.

6.      The government agrees that it will file no other federal criminal charges against the defendant based on matters currently known to the government.

7.      The government agrees to recommend a probationary sentence.

8.      The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria:  (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than 4 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of

2

prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the

Court, the defendant is released from this waiver provision.

## II.  ELEMENTS OF THE OFFENSE(S)

9.      The parties agree that the elements of the offense to which this plea is being

tendered are as follows:

        A.      On or about June 15, 2011, the defendant made a false statement or report;

        B.      The defendant made the statement or report to or for HUD; and

        C.      The defendant made the statement with the intent to defraud.[1]

## III.  STATUTORY PENALTIES

10.      The maximum statutory penalty for a violation of 18 U.S.C. § 1012 is: not more

than 1 year of imprisonment, a fine of not more than $100,000, or both; not more than 1 year of

supervised release, and; a $25 special assessment fee.

11.      If probation or supervised release is imposed, a violation of any condition of

probation or supervised release may result in a separate prison sentence and additional

supervision.

## IV.  STIPULATION OF FACTS

12.      The parties agree that there is a factual basis for the guilty plea that the defendant

will tender pursuant to this plea agreement. That basis is set forth below.  Because the Court

must, as part of its sentencing methodology, compute the advisory guideline range for the offense

---

[1] *United States v. Mullins*, 613 F.3d 1273, 1285 (10th Cir. 2010).

of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C.

§3553, additional facts may be included below which are pertinent to those considerations and

computations. To the extent the parties disagree about the facts set forth below, the stipulation of

facts identifies which facts are known to be in dispute at the time of the execution of the plea

agreement.

13.     This stipulation of facts does not preclude either party from hereafter presenting

the Court with additional facts which do not contradict facts to which the parties have stipulated

and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors,

or to the Court's overall sentencing decision.

14.     The parties agree that the date on which relevant conduct began is approximately

November 8, 2010.

15.     The parties agree as follows:

On November 22, 2009, defendant Michael Kenneth LeMont was hired by HUD to work

as a Project Manager, GS-11, in the Denver office.  On or about June 15, 2011, defendant

submitted an application through an electronic system operated by the United States Office of

Personnel Management (OPM) called the USA Staffing System (USASS).  The application

submitted by the defendant was for a vacancy in HUD's St. Louis, Missouri, office, for the

position of Supervisory Project Manager, GS-13.  The application materials defendant submitted

via USASS for this position included his resume and a Standard Form (SF) 50.  Defendant made

a number of false statements in these documents.  Specifically, 1) defendant stated in the SF-50

that he was promoted to Project Manager, GS-12, on November 22, 2009, instead of the correct

date of November 22, 2010, and he repeated this false statement in his resume; 2) defendant

claimed in his resume that he obtained a Bachelor's Degree from the University of Southern California; 3) that he served four years in the United States Marine Corps, from May 1989 to May 1993; and 4) that he obtained the rank of Infantry Operations Officer during his service.

On or about September 12, 2011, defendant's name was submitted as the preferred hire for the vacancy by the HUD selecting official for the Supervisory Project Manager position in St. Louis, Missouri. During the verification of defendant's SF-50, it was discovered by HUD personnel that defendant did not meet the minimum time in grade of one year at the GS-12 position. Defendant's SF-50 submitted via the USASS had been altered to reflect a promotion date of one year earlier, to November 22, 2009, instead of his actual promotion date of November 22, 2010. LeMont's selection for the GS-13 Supervisory Project Manager position was revoked due to this discovery.

This matter was referred to the Office of the Inspector General (OIG) for investigation. The investigation revealed that defendant did not indicate on his original employment application with HUD that he had graduated from USC and defendant had reported different dates of military service on his original application.

OIG investigators received confirmation from the Custodian of Records at USC that defendant never attended that university. In addition, defendant's military records revealed that he served in the Marine Corps Reserves from December 1985 to May of 1987 and that his highest rank was E-2 (Private 1st Class) before being demoted to E-1 (Private) prior to his discharge.

Further investigation revealed that between November 8, 2010, and October 5, 2011,

defendant submitted false information pertaining to his educational background and military service on 21 of 23 applications submitted through defendant's USASS account. As an example, on November 8, 2010, defendant submitted an application for a Project Manager GS-11/12 position with HUD in San Francisco. In this application, defendant stated he had been employed at grade level GS-12 from November 2009 to present, that he received a Bachelor's Degree from USC, and a Master's Degree from Babson College in Massachusetts. On November 16, 2011, OIG investigators were informed by Babson College that there was no record of defendant ever obtaining a degree from that college. In addition, on nine of the 23 applications, defendant falsely stated that he had achieved the rank of Captain in the Marine Corps after four years of service.

On December 28, 2011, OIG investigators interviewed the defendant after he signed a written advisement of rights. The defendant initially stated that he had attended USC and that he was on active duty in the USMC from 1985 to 1987. LeMont later admitted that he did not attend USC and did not reach the rank of Captain as indicated on a number of his resumes.

On March 5, 2012, an OIG investigator interviewed Brenda Waters, the selection official for the Supervisory Project Manager position with HUD in St. Louis, Missouri. Ms. Waters stated that if she had been aware that defendant submitted false information on his employment application regarding his attendance at and graduation from college, she would not have selected him for the position. Waters also stated that she would have changed her decision to select the defendant for the position if she had known he was not truthful about his tenure and rank in the military.

6

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

16.     The parties understand that the imposition of a sentence in this matter is governed

by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required

to consider seven factors. One of those factors is the sentencing range computed by the Court

under advisory guidelines issued by the United States Sentencing Commission. In order to aid the

Court in this regard, the parties set forth below their estimate of the advisory guideline range

called for by the United States Sentencing Guidelines. To the extent that the parties disagree

about the guideline computations, the recitation below identifies the matters which are in dispute.

A.     The base guideline is § 2B1.1, with a base offense level of 6.

B.     There are no specific offense characteristic enhancements.

C.     There are no victim-related, role-in-offense, obstruction or multiple-count

adjustments.

D.     The adjusted offense level therefore would be 6.

E.     The defendant should receive a 2-level reduction for acceptance of responsibility.

The resulting offense level therefore would be 4.

F.     The parties understand that the defendant's criminal history computation is

tentative. The criminal history category is determined by the Court based on the defendant's

prior convictions. Based on information currently available to the parties, it is estimated that the

defendant's criminal history category would be I.

G.     The career offender/criminal livelihood/armed career criminal adjustments would

not apply.

H.      The advisory guideline range resulting from these calculations is 0-6 months.

However, in order to be as accurate as possible, with the criminal history category undetermined

at this time, the offense level estimated above could conceivably result in a range from 0 months

(bottom of Category I) to 6 months (top of Category VI).  The guideline range would not exceed,

in any case, the cumulative statutory maximums applicable to the count of conviction.

I.      Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the

fine range for this offense would be $250 to $5,000, plus applicable interest and penalties.

J.      Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release,

that term shall be one year.

17.     The parties understand that although the Court will consider the parties' estimate,

the Court must make its own determination of the guideline range. In doing so, the Court is not

bound by the position of any party.

18.     No estimate by the parties regarding the guideline range precludes either party

from asking the Court, within the overall context of the guidelines, to depart from that range at

sentencing if that party believes that a departure is specifically authorized by the guidelines or

that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not

adequately taken into consideration by the United States Sentencing Commission in formulating

the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range

precludes either party from asking the Court to vary entirely from the advisory guidelines and to

impose a non-guideline sentence based on other18 U.S.C. §3553 factors.

19.     The parties understand that the Court is free, upon consideration and proper

8

application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems

appropriate in the exercise of its discretion and that such sentence may be less than that called for

by the advisory guidelines (in length or form), within the advisory guideline range, or above the

advisory guideline range up to and including imprisonment for the statutory maximum term,

regardless of any computation or position of any party on any *18 U.S.C.* §3553 factor.

## VII.  ENTIRE AGREEMENT

20.      This document states the parties' entire agreement.  There are no other promises,

agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or

implied.  In entering this agreement, neither the government nor the defendant has relied, or is

relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date:  5/7/12

Michael Kenneth LeMont
Defendant

Date:  5/8/12

Thomas P. Byrnes, Esq.
Attorney for Defendant

Date:  5/14/12

Martha A. Paluch
Assistant U.S. Attorney

9